799 So.2d 151 (2001)
Calvin Lee WALKER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01306-COA.
Court of Appeals of Mississippi.
October 16, 2001.
*152 Melvin G. Cooper, Biloxi, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., IRVING, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. This case comes from the Circuit Court of Harrison County, Mississippi, Honorable Kosta N. Vlahos presiding. Calvin Lee Walker was tried and convicted of two counts of armed robbery. Walker was sentenced to two concurrent life sentences without parole in the custody of the Mississippi Department of Corrections. Calvin Walker appeals the guilty verdict raising the following two issues before the Court:
1. WHETHER THE VERDICT IS AGAINST THE SUFFICIENCY AND WEIGHT OF THE EVIDENCE; AND
2. WHETHER THE VERDICT WAS BASED ON EVIDENCE WHICH IS NOT CREDIBLE.

STATEMENT OF FACTS
¶ 2. On May 15, 1998, Angela R. Catlano and Gloria Murphy were robbed by two individuals in the parking lot of the El Maguey Restaurant in Gulfport, Mississippi. During the robbery Catlano was robbed at gunpoint by Walker, while Gary Dewayne Walker, nephew of the appellant, robbed Murphy. In the process of fleeing the scene, Walker was observed by Murphy, who was resisting her assailant. Gary Walker was apprehended while fleeing the scene of the crime.
¶ 3. After being arrested Gary Walker was interviewed and informed the police that Calvin Walker was the other individual involved in the armed robbery. Catlano was unable to identify Calvin Walker in a subsequent photographic lineup. In another photographic lineup, Murphy stated it was her belief that the third subject in the photographic lineup, which was Calvin Walker, was the other individual involved in the armed robbery. At trial Murphy identified Calvin Walker as one of the individuals who robbed her and Catlano. Gary Walker also testified at Calvin Walker's trial and stated that Calvin Walker robbed one of the ladies. Based on this evidence, the jury found Calvin Walker guilty of two counts of armed robbery, one for the robbery of Catlano and one for the robbery of Murphy. Calvin Walker was subsequently found to be an habitual felon and sentenced to two concurrent life sentences. Calvin Walker then petitioned the trial court for a judgment notwithstanding the verdict which the trial judge denied. From the denial of that motion, Calvin Walker brings this appeal.

DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 4. The standard of review for denials of a JNOV which challenges the sufficiency and weight of the evidence supporting the verdict is abuse of discretion by the trial court and all evidence favorable to the State is accepted as true. *153 Tran v. State, 785 So.2d 1112, 1116 (¶ 8) (Miss.Ct.App.2001). With respect to each element of the offense, the standard of review regarding the legal sufficiency of the evidence is to consider all of the evidence in the light most favorable to the guilty verdict. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). "The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence." Id. Matters concerning what weight and credibility to give to the evidence presented are to be decided by the jury. McClain v. State, 625 So.2d 774, 778 (Miss.1993).

ANALYSIS
1. WHETHER THE VERDICT IS AGAINST THE SUFFICIENCY AND WEIGHT OF THE EVIDENCE; AND
2. WHETHER THE VERDICT WAS BASED ON EVIDENCE WHICH IS NOT CREDIBLE.
¶ 5. These two issues are combined as they both have the same standard of review and are governed by the same facts. Calvin Walker first argues that the in-court identification by Murphy was insufficient to enable the jury to find Calvin Walker guilty beyond a reasonable doubt. "The inconsistencies of the in-court identification go only to the credibility and weight of the evidence, which is a factual determination to be made by the jury." Kimbrough v. State, 379 So.2d 934, 936 (Miss.1980). Murphy testified that Calvin Walker was one of the two men who robbed her and Catlano. Calvin Walker's attorney questioned Murphy at length on cross-examination concerning her identification of Calvin Walker as the second robber. Who the jury decides to believe is a decision to be made by the jury, not for this Court. Billiot v. State, 454 So.2d 445, 463 (Miss.1984). In this instance the jury decided that Murphy's in-court identification of Calvin Walker was credible.
¶ 6. Calvin Walker's second and final argument is that the testimony of Gary Walker was not credible. Gary Walker admitted that he committed the robberies and pled guilty the day before Calvin Walker's trial. Gary Walker testified that Calvin Walker was the other robber. Calvin Walker's attorney used inconsistent statements made by Gary Walker to the police in an attempt to impeach his credibility on cross-examination. The jury is the sole adjudicator of the credibility of the witnesses presented at trial. Id. The jury may in whole or in part, believe or disbelieve, accept or reject the testimony of any witness. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). This is the very nature of the judicial process. In this case the jury chose to believe Gary Walker's testimony.

CONCLUSION
¶ 7. Upon considering Calvin Walker's arguments and giving the benefit of all favorable inferences to the State as dictated by law, this Court finds that the evidence presented at trial was more than sufficient to support Calvin Walker's conviction. See Wetz, 503 So.2d at 808. The record before this Court presents sufficient and believable evidence to support Calvin Walker's conviction by the jury. This Court will reverse only when the evidence is such that "reasonable and fair-minded jurors could only find the accused not guilty." McClain, 625 So.2d at 778. This is clearly not the case here. Based on the evidence presented at trial, the jury by accepting the testimony of Murphy and Gary Walker could find Calvin Walker guilty of both counts of armed robbery.
¶ 8. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF *154 ARMED ROBBERY AND SENTENCE OF LIFE FOR EACH COUNT TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER and BRANTLEY, JJ., CONCUR.